In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-031 CR


____________________



KAVAN WAYNE MCLAUGHLIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 93016






 MEMORANDUM OPINION 


 Kavan Wayne McLaughlin was placed on deferred adjudication community
supervision on an indictment for aggravated family assault. McLaughlin filed a pro se notice
of appeal on January 25, 2006. The trial court entered a certification of the defendant's right
to appeal in which the court certified that this is a plea-bargain case and the defendant has
no right of appeal. See Tex. R. App. P. 25.2(a)(2). The trial court's certification has been
provided to the Court of Appeals by the district clerk.

 We notified the parties that the appeal would be dismissed unless an amended
certification was filed and made a part of the appellate record. See Tex. R. App. P. 37.1. We
provided thirty days notice to the appellant, who filed notice of appeal pro se, and to his
appointed trial counsel. (1) We have received no response. The record has not been
supplemented with an amended certification. Because a certification that shows the
defendant has the right of appeal has not been made part of the record, the appeal must be
dismissed. See Tex. R. App. P. 25.2(d); see Chavez v. State, 183 S.W.3d 675, 680 (Tex.
Crim. App. 2006); see also Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex. Crim. App.
2006). 

 Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED. 


 ____________________________

 DAVID GAULTNEY

 Justice



Opinion Delivered May 17, 2006

Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.
1. An amended certification is obtained in the trial court. Counsel represents appellant
until "appeals are exhausted, or the attorney is relieved of his duties by the court or replaced
by other counsel after a finding of good cause is entered on the record." Tex. Code Crim.
Proc. Ann. art. 26.04 (j)(2) (Vernon Supp. 2005).